Reeves & Company, appellant, v. J. Harper Deets et
al., appellees.

Filed June 26, 1908.   No. 15,221.

Notes: Defenses. In a suit on the promissory notes of the defendants,
the defense was made that the notes were given for machinery
sold under a warranty that had failed, and that a controversy
thereon arose, in settlement of which the defendants agreed to
pay certain of the notes, and the plaintiff agreed to repair the
machinery and make it conform to the warranty. When the
plaintiff offered to repair the machinery, defendants refused the
offer on the ground that the repairs proposed would be ineffectual,
but on the trial they were allowed to show as a reason for refus-
ing the repairs that the offer came too late in the season. *Held*,
That the court erred in allowing the defendants to show another
and a different reason for refusing repairs than that made to the
plaintiff when the offer to repair was made and before suit was
commenced.

Appeal from the district court for Buffalo county:
Bruno O. Hostetler, Judge. *Reversed.*

*Warren Pratt,* for appellant.

*C. A. Robinson, contra.*

Duffie, C.

The action is replevin to recover possession of an alfalfa
huller, a feeder and a wind-stacker sold by plaintiff to
the defendants, who executed a mortgage thereon to
secure the notes given for the purchase price. The jury
returned a verdict for the defendants, upon which the
court entered judgment, and the plaintiff has appealed.

The answer of the defendants was a general denial, but
their real defense to the action was the alleged failure of
the huller to properly do the work for which it was in-
tended. The contract of sale was in writing, and con-
tained a warranty that the machinery was well made, of
good material, and that with proper use and manage-

ment would do as good work as any other machine of the same size manufactured for a like purpose. This warranty was hedged about with conditions and limitations relating to giving notice, the time and manner in which notice should be given, and many other matters which if strictly observed would render it of little use to the purchaser. The contract, however, is one which the parties voluntarily made, and the court had no discretion but to enforce it. This was evidently the view taken by the trial court, as in his fifth instruction he told the jury that the contract of sale and the warranty therein contained was binding on the parties to the suit, unless they believed from the evidence that, after making said contract, a new or different or modified contract was entered into, in which case the right of the parties must be determined from the terms of the new contract. The only evidence upon which this instruction could be based was the testimony of one of the defendants to the effect that in the fall of 1904, and after complaint had been made by the defendants of the working of the machinery, they had agreed with one of defendants' agents to pay such of their notes as matured during the year 1904, in consideration of which the plaintiff agreed to remedy the defects in the machine and to place the same in good order.

We presume that had a controversy existed between the two parties relating to the failure of the machine to meet the warranty made by the plaintiff (which does not clearly appear), and that on account of such controversy defendants refused to pay the notes maturing during the year 1904, and for the purpose of inducing them to make payment of such notes plaintiff agreed to put the machine in good order, such settlement of the controversy would be a sufficient consideration for a new contract between the parties, or a modification of the terms of the original contract. We must say, however, that the testimony offered in support of this contention, while it may have been sufficient to submit to the jury, is, in our judgment, very slight upon which to base a verdict. But, assuming

that such new contract was made and that there was a sufficient consideration to support it, the evidence is clear, coming from the defendants themselves, that, when plaintiff offered to repair the machine, defendants refused and would not allow the repairs to be made.

It is now insisted that the threshing season of 1905 was nearly over when plaintiff offered to repair the machine, and that the offer to repair came too late. This was not the reason advanced by the defendants at the time; their objection then being that the repairs proposed were not of a kind that would remedy the defects complained of. The defendants cannot, after litigation has commenced, advance another and different reason for their refusal to allow the repairs which plaintiff offered to be made. They cannot thus mend their hold. *Ballou v. Sherwood,* 32 Neb. 666. For this reason, we think the court erred in submitting to the jury the question whether a new or modified contract had been made between the parties and whether the plaintiff had refused to fulfil the new agreement.

We recommend a reversal of the judgment and remanding the cause for further proceedings according to law.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.